Samuel Richard Rubin
FEDERAL PUBLIC DEFENDER
Miles Pope
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho, Ste. 1000
Boise, Idaho 83702
Telephone: (208) 331-5500
Facsimile:  (208) 331-5525

Attorneys for Defendant
ISAAC GUILLEN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE B. LYNN WINMILL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | 1:16-CR-00078-BLW-1 | |
| ) | | |
| Plaintiff, ) | AGREED MOTION FOR EARLY | |
| ) | TERMINATION OF | |
| vs. ) | SUPERVISION | |
| ) | | |
| ISAAC GUILLEN ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

Isaac Guillen respectfully asks the Court to grant this agreed motion for early termination of his supervised release. For all practical purposes, Mr. Guillen's is a Central District of California case. He was convicted in the Central District of California and, but for a brief moment when he transferred his case to Idaho in 2016, he has been under supervision in the Central District of California. His five-year term of supervision is set to expire on July 20, 2020.

Last year, Mr. Guillen was diagnosed with terminal, stage four, metastatic prostate cancer, for which he currently receives treatment and experiences side effects. Based on this grievous hardship—as well as Mr. Guillen's consistent record of compliance with the terms of his supervision, his placement on low-risk supervision, and his desire to be able to travel freely to see his family during this final period in his life—the United States Attorney's Office for the Central District of California and Mr. Guillen have entered into an agreement and stipulation for early termination of his supervision (Ex. A).

Because Mr. Guillen is still under the jurisdiction of this Court, however, that agreed motion for early termination must be submitted here. Accordingly, with the agreement of Assistant United States Attorney Frank Zebari, Mr. Guillen now moves for early termination of supervision.

## Procedural History

Mr. Guillen was originally sentenced to 84 months imprisonment on January 10, 2013 in the Central District of California. His supervision began on July 21, 2015, and it is currently set to expire on July 20, 2020.

On March 24, 2016, Mr. Guillen's supervision was transferred to the District of Idaho. Shortly thereafter, Mr. Guillen moved back to the Central District of California. He has been under courtesy supervision through that district's probation office—but still technically under this district's jurisdiction—ever since.

On July 24, 2019, Mr. Guillen and the United States Attorney's Office in the Central District of California negotiated a stipulated agreement to terminate Mr. Guillen's supervision early. The stipulation is based on Mr. Guillen's good performance on supervision, his terminal diagnosis with stage four prostate cancer, and his desire to travel freely to visit his family during these last days of his life.

The government and Mr. Guillen were all set to submit this agreed motion for early termination in the Central District of California, when they realized that Mr. Guillen is still under the jurisdiction of the District of Idaho. At that point, Mr. Guillen's attorney in California contacted me and asked if we could help place the negotiated stipulation before this Court.

I then reached out to Assistant United States Attorney Frank Zebari to determine whether—in light of the posture of this case in the Central District of California—he would be willing to agree that Mr. Guillen's supervision should terminate early. After diligently following up to ensure that his office could take that position, Mr. Zebari agreed that early termination was appropriate in Mr. Guillen's case.

Accordingly, Mr. Guillen moves for early termination of supervision.

## Discussion

Once a supervisee has completed one year of supervised release, this Court is empowered to terminate the remaining term of supervision as long as

it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination," but its decision must ultimately be rooted in the pertinent § 3553(a) factors. *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014) (noting that "[t]he correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)"—which in turn incorporates certain § 3553(a) factors—and that this standard requires courts to consider "a broad range of factors" in deciding whether early termination is warranted).

Termination is warranted if, given the nature and circumstances of the offense and the offender's history and characteristics, continued supervision is not in the interests of justice because it is unnecessary to accomplish § 3553(a) goals including deterrence, protection of the public, rehabilitation of the offender, and the satisfaction of any outstanding restitution obligations.  *Id.* § 3583(e) (citing § 3583(e), § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7)). "[U]ncontemplated hardship" justifies early termination of supervision. *United States v. Bodybuilding.com, LLC*, 2015 WL 3616962, at *3 (D. Idaho June 9, 2015); *see also Emmett*, 749 F.3d at 820 (court does not abuse discretion in considering "undue hardship" before filing for early termination).

Under these standards, Mr. Guillen's motion for early termination should be granted. Mr. Guillen is eligible for early termination because he has served more than 12 months on supervised release—indeed, he has a little under one year left on a 5-year term of supervised release. And he should receive early termination because continued supervision is not in the interests of justice. As the attached stipulation reflects, Mr. Guillen has been placed on low-risk supervision, has been compliant with his supervised release conditions, and has fully paid his $1,200 special assessment (Ex. A at ¶ 4).

No § 3553(a) factor is advanced by Mr. Guillen's continued supervision. Mr. Guillen's perfect compliance on supervision, his low-risk status, and the fact that the probation officer supervising him does not oppose early termination all strongly support that he has been fully rehabilitated. Moreover, Mr. Guillen is a particularly low-risk offender in light of his severe medical issues—terminal, metastatic stage four prostate cancer (Ex. A at ¶ 5). The unforeseen hardship that continued supervision will impose on Mr. Guillen's life justifies an order ending his supervision a little less than one year before it otherwise would be over. *See Bodybuilding.com, LLC*, 2015 WL 3616962, at *3; *see also Emmett*, 749 F.3d at 820.

## Conclusion

Given Mr. Guillen's risk factors, his terminal diagnosis, and his desire to be able to travel freely to visit his family during these last days of his life, this

Court should follow the agreed stipulation and terminate Mr. Guillen's supervision early.

Dated: August 21, 2019        SAMUEL RICHARD RUBIN
FEDERAL PUBLIC DEFENDER
By:


/s/ Miles Pope
Miles Pope
Federal Defender Services of Idaho
Attorneys for Defendant
ISAAC GUILLEN

CERTIFICATE OF SERVICE

     I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document was served on all parties named below on this 20th day of August, 2019.

Francis Zebari, Assistant United States Attorney
Office of the United States Attorney       ____United States Mail
Washington Group Plaza, IV          ____Hand Delivery
800 Park Blvd, Suite 600            ____Facsimile Transmission
Boise, ID 83712                    ____CM/ECF Filing
(208) 334-1211                    __X__Email Transmission
(208) 334-1413 – Facsimile
Frank.Zebari@usdoj.gov

Dated: August 21, 2019        /s/ Sybil Davis_____
                              Sybil Davis