UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC GUILLEN,<br><br>Defendant. | Case No. 1:16-cr-00078-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Isaac Guillen's Agreed Motion for Early Termination of Supervision. Dkt. 6. For the reasons explained below, the Court will grant the motion.

# DISCUSSION

On January 10, 2013, the United States District Court for the Central District of California sentenced Mr. Guillen to 84 months' imprisonment and 5 years of supervised release. Dkt. 6. The Court also ordered Mr. Guillen to pay a $1,200 special assessment. Dkt. 6-1 at ¶ 1. Mr. Guillen has fully complied with all the

terms of his supervised release, including paying the special assessment. *Id.* In 2018, he was diagnosed with an end-of-life medical condition. *Id.*

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e); Fed. R. Crim. P. 32.1(c)(2)(B). Under Federal Rule of Criminal Procedure 32.1(c)(2)(B), a hearing is not required where – as here – the relief sought is favorable to the defendant, does not extend the term of probation or supervised release, and is not opposed by the Government.

In this case, Mr. Guillen has served more than a year of the supervised release ordered by the Court. The Government agrees to termination of Mr. Guillen's supervision, and the Central District of California's Probation also does not oppose that result. Moreover, Mr. Guillen was all set to enter a stipulated agreement to early termination of supervision in the Central District of California – where he was convicted, where he is under supervision, and where he has been under supervision for the vast majority of his term of supervised release (but for a brief moment when he was in Idaho, during which time he transferred jurisdiction of his case to this district) – when he realized that he was still technically under the jurisdiction of this Court.

On consideration of information provided by the Government and Probation, the Court finds that Mr. Guillen has conducted himself in an exemplary fashion, and that he has suffered an unforeseen hardship, as a result of his terminal cancer diagnosis, that justifies early termination of supervision. The Court finds that there is no longer a need to supervise Mr. Guillen, and that early termination would permit Probation to focus resources in other areas of need. For these reasons, the Court finds that early termination of Mr. Guillen's supervised release is warranted and will grant Mr. Guillen's motion.

## ORDER

**IT IS ORDERED that** the Agreed Motion for Early Termination of Supervised Release (Dkt. 6) is **GRANTED**.

DATED: September 8, 2019

B. Lynn Winmill
United States District Judge